WALSH, APPELLANT, *v.* HANSCO, INC., APPELLEE.

[Cite as Walsh v. Hansco, Inc., (1971),
31 Ohio App. 2d 149.]

(No. 11618—Decided October 4, 1971.)

*Mr. Allen Schwartz,* for appellant.
*Mr. E. Hanlin Bavely,* for appellee.

HESS, P. J. This is an appeal from a judgment entered in the Hamilton County Municipal Court in favor of the appellee. Herein, the parties will be referred to as they appeared in the trial court.

The defendant, Hansco Incorporated, was engaged in the home improvement business, and the plaintiff, Richard Walsh, was employed by the defendant as a salesman on a commission basis.

The plaintiff was employed on January 2, 1969, and worked for the defendant until on or about October 25, 1969, at which time he terminated his employment and claimed there were commissions due him from the defendant in the sum of $637.50. On June 19, 1970, defendant delivered to plaintiff its check in the sum of $238.69, which it claimed was "in full satisfaction of all claims by Richard Walsh for any alleged commissions that might have been due him at that time."

The plaintiff's complaint was filed in the Municipal Court of Hamilton County on August 20, 1970, in which

150

he alleges there is due him $637.50 under the terms of his contract of employment wherein he was to receive a percentage commission on all contracts negotiated by him with customers seeking services of the defendant.

In its answer, the defendant admits its corporate capacity and admits entering into a contract of employment with the plaintiff, but denies the terms of such contract as set forth by the plaintiff in the complaint. After denying all allegations not admitted to be true, defendant alleges payment by its check dated June 19, 1970, in the sum of $238.69 as being in full satisfaction and accord of any obligations due the plaintiff. The defendant attached to its answer the following interrogatory: "Set forth in readily understandable form and accurate and specific accounting how you claim that Hansco Incorporated owes you the sum of $637.50 as commissions due you from contracts previously negotiated by you." On December 7, 1970, plaintiff answered the interrogatory and listed the dates of sales, to whom made, the contract price and commissions claimed.

On December 11, 1970, defendant requested, pursuant to Civil Rule 36, that plaintiff admit the following facts: "(1) That on or about June 19, 1970 he received a check No. 2258 drawn on the Northside Bank and Trust Company in the sum of $238.69 with yourself as payee and with Hansco Incorporated as the drawer of such check; and that such check was paid to you in full settlement and satisfaction of all claims for commissions due you from Hansco Incorporated. (2) That with reference to the admission sought in Admission No. 1, that to date you or your representative has retained the possession of this check."

On December 16, 1970, plaintiff submitted the following admission of fact: "(1) On or about June 19, 1970, plaintiff received a check No. 2258 drawn on the Northside Bank and Trust Company in the sum of $238.69 with himself as payee and with Hansco Incorporated as the drawer of such check. However, plaintiff denies that said check was paid in full settlement and satisfaction of all claims for commissions. (2) Plaintiff admits that said

check has not been negotiated and that said check is in the possession of plaintiff's attorney, Allen Schwartz.''

This cause was called for trial on March 19, 1971, without a jury, and a judgment in favor of the defendant was entered.

In his appeal from the judgment of the trial court, plaintiff presents the following assignments of error: ''(1) The trial court erred in pre-judging the case on the pleadings and arguments of counsel, and before hearing testimony; (2) the trial court erred in taking judicial notice of a check seen by him in chambers during recess only and not admitted as evidence; and (3) the trial court erred in holding that a check tendered in payment of a disputed claim is an accord and satisfaction.''

We will consider the errors in the order of their listing.

There is no evidence to support the error claimed by plaintiff that the trial court prejudged this case on the pleadings and arguments of counsel.

Coming on to consider the second assignment of error, the record does disclose that there were references made to a check issued to the plaintiff by the defendant in the opening statements and in a conference in the office of the trial judge, but the check was not offered in evidence by either of the parties.

In his claim, plaintiff alleges there is due him from the defendant the total sum of $637.50 for commissions earned while employed by defendant as a salesman. Defendant alleges that the sum of $238.69 was owing to the plaintiff at the time the answer herein was filed, and that it delivered to the plaintiff a check in the sum of $238.69 in full payment and settlement of all claims of plaintiff.

Most of the evidence is devoted to determining whether a policy of the defendant not to pay commissions to its salesmen, of which plaintiff was one, existed on contracts which did not produce a profit. It would appear from the record that if the defendant was liable to the plaintiff for commissions on all sales made by plaintiff, regardless of whether defendant made a profit on the sale or building

or repair contract, the amount due to plaintiff would be more than $238.69.

In determining this matter on the motion of the defendant for judgment for the defendant at the close of the plaintiff's evidence, the trial court and each of counsel made the following statements:

"The Court: I don't think I have to go into that at all. I'm not going to decide on that issue at all at this time, but I'm going to—okay. I'm going to hold it that that check that was given—how can I hold anything, I don't even have the darn check in my hands to find out what the consideration of the check was.

"Mr. Bavely (counsel for defendant) : If it please the Court may I recall—"

"The Court: You admit that a check was held, that you received the check, regardless of what was done with it?

"Mr. Schwartz (attorney for plaintiff) : Yes, Your Honor, we do.

"The Court: You received a check and then you didn't return it until the suit was filed?

"Mr. Schwartz: That's correct, Your Honor.

"The Court: You never returned it up until the time this suit was tried—the suit was filed in August of '70, apparently in August—and that up to the time—up to March the 19th, you had not returned the check.

"Mr. Schwartz: In compliance with the defendant's request for information, I so stated that I had the check in my possession, that's correct, Your Honor.

"The Court: Well, the only thing I can decide on is what we have heard, and when I called the gentlemen in for the pretrial to determine what the issues were, I was shown a check which indicated that it was issued some time in June for two hundred some dollars.

"Mr. Bavely: $239, I believe it was.

"The Court: $239, and that the check was endorsed payment in full of account to date.

"Mr. Schwartz: No, it wasn't endorsed. There was a typewritten statement on the back—

"Mr. Bavely: And a handwritten statement on the front.

"The Court: That is what I said, endorsed on the back. The slip was also endorsed on the back, paid in full on account to date. Although the check has not been introduced in evidence during the trial, the Court has cognizance of the fact that the check was received and has not been returned, and that the acceptance of that check without returning it as of this date, indicates an acceptance of the check. Without going into the question of any deductions—I'm not required to at this time. If I decide the motion in favor of the defendant, which I have to do on the basis of holding the check which was endorsed payment in full which was an acceptance of the conditions of the check, as well as the amount, all the conditions on the check. If you accept an instrument, you have to accept all the conditions, and the condition of the check was that it was paid in full, and since it's in the possession of the plaintiff and has been since June, the Court finds the amount due and owing at that time, and up to this time, was paid in full, and that has nothing to do with the plaintiff at this time.

"Mr. Schwartz: Your Honor, I'll so acknowledge the fact that the check was not negotiated or cashed by the plaintiff.

"The Court: I grant you—

"Mr Bavely: My motion, if it please the Court, is made on both the grounds you are talking about and on the grounds that they have failed on the merits to prove their case as offered.

"The Court: I told you, I'm finding that the account was paid in full since the check was accepted as such. I don't have to go into any other issue, is that right?

"Mr. Bavely: Yes, sir. Yes, sir, fine.

"The Court: I don't have to, and I'm not going to go into the other issue."

It is evident from the record the trial court took judicial notice of the check issued by the defendant to the plaintiff, which check had been seen by the trial court in

pretrial or conference, without having the check in evidence for his consideration.

There was no stipulation or agreement made or presented to the trial court in its office conference or pretrial proceedings with counsel for the parties concerning the check, dated June 19, 1970.

There is evidence in the record that the check, dated June 19, 1970, was delivered by the plaintiff to his attorney immediately upon receipt thereof and that the defendant was advised on June 23, 1970, by letter from the plaintiff's attorney that the check was not acceptable.

From the pertinent facts presented in the record, we conclude the trial court committed error prejudicial to the plaintiff in basing its judgment on a check which was not in evidence. The statements, if any, on the check are not in evidence and the trial court failed to consider the fact that the defendant was notified the check was not acceptable to the plaintiff.

The third assignment of error presents the question of whether the trial court was correct in holding the check sent to the plaintiff by the defendant on a disputed claim is an accord and satisfaction when the check in question is not in evidence.

This assignment of error is fully discussed in our disposition of the second assignment of error herein, and our conclusion is that this assignment of error is valid.

For the reasons presented, the judgment of the trial court is reversed and this cause is remanded to the Municipal Court of Hamilton County for further proceedings according to law.

*Judgment reversed.*

YOUNG and SHANNON, JJ., concur.